People ex rel. Gottlieb v Commissioner, N.Y. City Dept. of Corr. (2018 NY Slip Op 03951)





People ex rel. Gottlieb v Commissioner, N.Y. City Dept. of Corr.


2018 NY Slip Op 03951


Decided on June 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2018-06353 DECISION, ORDER & JUDGMENT

[*1]The People of the State of New York, ex rel. Robert C. Gottlieb, on behalf of Dean S. Mustaphalli, petitioner, 
v
Commissioner, New York City Department of Correction, et al., respondents.


Gottlieb & Janey, LLP, New York, NY (Robert C. Gottlieb pro se of counsel), for petitioner.
Barbara D. Underwood, Attorney General, New York, NY (Maureen L. Grosdidier of counsel), for respondents.
Writ of habeas corpus in the nature of an application for bail reduction upon Queens County Indictment No. 559/18.



ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that bail on Queens County Indictment No. 559/18 is reduced to the sum of $850,000, which may be posted in the form of an insurance company bail bond in that sum or by depositing that sum as a cash bail alternative, on condition that (1) the defendant shall surrender any and all passports he may have to the Office of the Attorney General and is prohibited from applying for any new or replacement passports; (2) the defendant shall wear an electronic monitoring bracelet, with monitoring services to be provided by an entity approved by the Office of the Attorney General and paid for by the defendant; (3) the defendant shall remain within and shall not travel beyond the geographical limits of the City of New York, the counties of Nassau and Suffolk, and the State of New Jersey; (4) any violations of the conditions set forth herein relating to the electronic monitoring of the defendant shall be reported by the electronic monitoring service provider to the Office of the Attorney General; and (5) the defendant shall provide to the Office of the Attorney General, in a form approved by the Office of the Attorney General, an affidavit in which he attests that if he leaves the jurisdiction he agrees to waive his right to oppose extradition from any foreign jurisdiction; and it is further,
ORDERED that upon receipt of a copy of this decision, order and judgment together with proof that the defendant has (1) given an insurance company bail bond in the sum of $850,000 or has deposited that sum as a cash bail alternative, (2) surrendered any and all passports to the Office of the Attorney General, (3) arranged for electronic monitoring with an entity approved by the Office of the Attorney General, and (4) provided the Office of the Attorney General with an affidavit, in a form approved by the Office of the Attorney General, attesting that if he leaves the jurisdiction he agrees to waive his right to oppose extradition from any foreign jurisdiction, the Warden of the facility at which the defendant is incarcerated, or his or her agent, is directed to immediately release the defendant.
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court